LEWIS, Appellant,

v.

FAIRVIEW HOSPITAL, Appellee.

[Cite as *Lewis v. Fairview Hosp.*, 156 Ohio App.3d 387, 2004-Ohio-1108.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83081.

Decided March 11, 2004.

Michael Terrence Conway Co. and Michael Terrence Conway, for appellant.

Duvin, Cahn & Hutton, Robert P. Duvin and Robert M. Wolf; Baker & Hostetler and Stephen C. Sutton, for appellee.

MICHAEL J. CORRIGAN, Administrative Judge.

{¶ 1} Plaintiff Maleria Lewis worked as a nurse for defendant Fairview Hospital ("hospital") until her termination. Believing her termination to be motivated by her race, African–American, Lewis filed a Title VII retaliation claim and a wrongful discharge claim against the hospital. The court granted the hospital's motion for summary judgment, finding the Title VII claim to be barred by the statute of limitations and that Lewis failed to assert a common-law public policy supporting her wrongful-discharge claim. Moreover, the court found that even if Lewis could prove her retaliatory discharge claim, she would be barred from recovering damages under the after-acquired evidence rule. This appeal contests those rulings.

I

{¶ 2} Lewis's Title VII claim alleged that she had been discharged in retaliation for filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"). The hospital's motion for summary judg-

ment argued that Lewis failed to file her court case within 90 days of receiving a right-to-sue letter from the EEOC.

{¶ 3} Lewis brought her racial discrimination claim under Section 2000e et seq., Title 42, U.S.Code. Section 2000e–3 provides that an employer may not discriminate or retaliate against an employee who has opposed a practice made unlawful by Sections 2000e through 2000e–17, Title 42, U.S.Code, or one who has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under these sections.

{¶ 4} With the enactment of the Equal Employment Opportunity Act of 1972, "Congress established an integrated, multistep enforcement procedure culminating in the EEOC's authority to bring a civil action in a federal court." See *Occidental Life Ins. Co. v. Equal Emp. Opportunity Comm.* (1977), 432 U.S. 355, 358–373, 97 S.Ct. 2447, 53 L.Ed.2d 402. The process is initiated when an aggrieved party first files a charge with the EEOC alleging that an employer engaged in an unlawful employment practice. Section 2000e–5(b), Title 42, U.S.Code. The charge must be filed with the EEOC within 180 days of the challenged action. Section 2000e–5(e)(1), Title 42, U.S.Code.

{¶ 5} When a person files a charge of employment discrimination with the EEOC, the EEOC retains exclusive jurisdiction of the discrimination claim. *Equal Emp. Opportunity Comm. v. Waffle House, Inc.* (2002), 534 U.S. 279, 291, 122 S.Ct. 754, 151 L.Ed.2d 755. If, in the course of the investigation, the EEOC determines in its best judgment that further investigation will not establish a violation of the law, the charge may be dismissed. Section 2000e–5(b), Title 42, U.S.Code. When a charge is dismissed, a notice is issued in accordance with the law that gives the charging party 90 days from the date of the receipt of the right-to-sue letter in which to file a lawsuit on his or her own behalf. Section 2000e–5(f)(1), Title 42, U.S.Code. The 90–day requirement acts in the nature of a period of limitations. A person's failure to file a private action with 90 days of the receipt of the right-to-sue letter will bar a private action.

{¶ 6} On March 6, 2000, the EEOC mailed Lewis a determination that it was unable to conclude that any violations of the discrimination statutes had occurred. The letter included a "notice of suit rights," which told her that she had 90 days from the receipt of the letter in which to file a lawsuit. It read, "[O]therwise, your right to sue based on this charge will be lost."

{¶ 7} Lewis filed her first complaint in April 2000. That complaint did not contain a retaliation claim for relief. Lewis voluntarily dismissed that complaint one year later, in April 2001. Lewis refiled the complaint on January 28, 2002, but that complaint again did not contain a cause of action for retaliation. The first time Lewis raised her Title VII retaliation claim was on January 13, 2003,

when the court granted her leave to file an amended complaint. In that amended complaint, Lewis dropped the previously asserted claims for relief and filed the two claims at issue in this appeal: the Title VII retaliation claim and the claim of wrongful discharge in violation of public policy.

{¶ 8} Although Lewis filed her first lawsuit within 90 days of receiving the right-to-sue letter, she did not assert the retaliation cause of action. It is beyond debate that Lewis did not raise the retaliation claim until January 2003. As this was nearly three years after she received the right-to-sue letter, she obviously failed to bring suit within 90 days.

{¶ 9} Lewis argues that the limitations period should be tolled under the equitable tolling doctrine because the court granted her leave to file an amended complaint. We need not digress into a discussion of the equitable tolling doctrine for limitations periods, since regardless of what the court permitted by way of amendment, the amendment to include the retaliation claim nonetheless came more than 90 days after the receipt of the right-to-sue letter. And even if Lewis had properly argued that the claim for relief related back to the original April 2000 complaint, her voluntary dismissal of the April 2000 complaint removed any possible relation back. When a voluntary dismissal is entered under Civ.R. 41(A)(1), the case ceases to exist and it is as if the case had never been filed. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 464 N.E.2d 142. Once Lewis voluntarily dismissed the April 2000 complaint, it was as if that case never existed. By law, none of her claims was raised within 90 days.

{¶ 10} Under Civ.R. 56(C), the court may grant summary judgment if there are no issues of material facts and judgment may follow as a matter of law. The facts are not in dispute. Lewis did not file her complaint within 90 days of receiving the right-to-sue letter from the EEOC, and there is no dispute as to the applicable law. The court did not err by granting summary judgment on the retaliation claim.

## II

{¶ 11} The court granted summary judgment on the wrongful-discharge claim because it found that a wrongful-discharge claim cannot be premised on a statute that provides its own remedies for a violation. Lewis brought the wrongful-discharge claim under R.C. Chapter 4112. The court held that because R.C. 4112.99 provides for relief in the form of damages, injunction, or "any other appropriate relief," Lewis could not raise a public-policy claim under it.

{¶ 12} In order to prove a wrongful-discharge tort, the plaintiff must establish the existence of clear public policy, that a dismissal of employees under

the circumstances employed in the particular case would jeopardize the public policy, that the dismissal was related to the public policy, and that the employer lacked an overriding legitimate business justification for the dismissal. See *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 69–70, 652 N.E.2d 653.

{¶ 13} Addressing the jeopardy element of a wrongful-discharge tort, the Ohio Supreme Court recently stated:

{¶ 14} "An analysis of the jeopardy element necessarily involves inquiring into the existence of any alternative means of promoting the particular public policy to be vindicated by a common-law wrongful-discharge claim. Where, as here, the sole source of the public policy opposing the discharge is a statute that provides the substantive right and remedies for its breach, 'the issue of adequacy of remedies' becomes a particularly important component of the jeopardy analysis. 'If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy.' Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. In that situation, the public policy expressed in the statute would not be jeopardized by the absence of a common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct." (Citations omitted.) *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526, at ¶ 15.

{¶ 15} The court correctly noted that R.C. 4112.99 contains its own remedies for a violation of the discrimination laws. Consequently, the absence of a wrongful-discharge action in this case would not jeopardize the public policy expressed in R.C. Chapter 4112. See *Barlowe v. AAAA Internatl. Driving School*, Montgomery App. No. 19794, 2003-Ohio-5748, 2003 WL 22429543, at ¶ 37–39. Indeed, Lewis's attempt to bring the wrongful-discharge claim as a violation of public policy against discrimination appears to be nothing more than an attempt to bootstrap a discrimination claim onto a wrongful-discharge claim as a result of failing to file her discrimination action within 90 days of receiving the right-to-sue letter.

{¶ 16} It follows that Lewis presented no facts to show that she could satisfy the second element of a wrongful-discharge tort. With the absence of facts on this element, the court did not err by granting summary judgment.

{¶ 17} The judgment is affirmed.

Judgment affirmed.

TIMOTHY E. MCMONAGLE and KENNETH A. ROCCO, JJ., concur.