JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Maleria Lewis brought this legal malpractice and breach of contract action against defendant-attorney Randolph Keller, alleging that he negligently failed to represent her in a discrimination action against her former employer, Fairview Hospital. The court granted Keller summary judgment on the malpractice claim, and later dismissed the contract claim under Civ.R. 41(B)(1) for want of prosecution after Lewis failed to appear for trial. Because the dismissal operated on the merits (the court not specifying that it was without prejudice), the summary judgment is now final and appealable. See Cent. Mut.Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26. The sole issue on appeal is whether the court erred by granting summary judgment.
 {¶ 2} The facts, stated in a light most favorable to Lewis, show that Fairview Hospital terminated her employment in August 1999. Lewis hired and advanced money to attorney Sheldon Starke to represent her. She filed a charge with the Equal Employment Opportunity Commission ("EEOC") that the hospital retaliated against her in violation of Title VII for alleging that she had been the victim of racial discrimination. On March 6, 2000, the EEOC mailed Lewis a determination that it was unable to conclude that any violations of the discrimination statutes had occurred under Title VII. By law, the EEOC gave Lewis "notice of suit rights," telling her that she had 90 days from the receipt of the letter in which to file a lawsuit against the hospital. Attorney Starke filed Case No. 406346 against the hospital in April 2000. That action did not allege any claims that the hospital violated Title VII.
 {¶ 3} Lewis became dissatisfied with Starke's representation, and hired Keller to replace him. Keller took payment of $5,000 as a retainer to be billed against an hourly fee. In a letter to Lewis, Keller specifically addressed "the issue of costs of litigation," apparently in response to Lewis' concern that she had paid attorney Starke $16,000 for deposition transcripts. Keller wrote, "I will however do everything that I can to get the point across that the Sixteen Thousand Dollars ($16,000.00) that you already paid is sufficient I would think to cover such costs and secure your transcripts. It is however imperative that you understand that in the event that we do not secure those transcripts you will be responsible for payment to the court reporter." Keller and Lewis also discussed that the case could be refiled in federal court. Just days after entering his notice of appearance, Keller had Lewis voluntarily dismiss the action on April 3, 2001. It appears that as of that time, the statute of limitations for any claims filed in federal court would have run in August 2001.
 {¶ 4} By Fall 2001, Lewis became dissatisfied with Keller. In a series of letters to Keller, Lewis noted her concern that Keller had represented that he would refile the dismissed action in federal court, but had yet to do so; that he had not returned her telephone calls; and that he misrepresented consulting with other attorneys. In a letter dated September 12, 2001, Lewis informed Keller that she was terminating him and that she wished for the return of her $5,000 retainer.
 {¶ 5} Keller responded to Lewis and said that he was "ecstatic" over his termination and that "my initial impression of your irrational perspective of this claim has now proven itself true." He specifically denied promising to refile the case in federal court, and pointed out that he had not been able to resolve the preexisting dispute with attorney Starke over earlier discovery. That being the case, Keller said that he could not properly review the case in order to make a decision to file it in federal court. Finally, as relevant here, Keller denied that he was retained to recover fees paid to Starke as part of the terms of his representation. He ended his letter by reminding Lewis that the statute of limitations for her state court case expired on March 30, 2002.
 {¶ 6} Lewis retained new counsel and refiled her case against the hospital in the court of common pleas on January 28, 2002, asserting a wrongful discharge claim under R.C. Chapter 4112. She later amended her complaint on January 13, 2003, and set forth an additional retaliation claim under Title VII. This was the first time that she listed a federal claim in any of her state court filings.
 {¶ 7} The hospital filed a motion for summary judgment on grounds that (1) the retaliation claim had been time-barred because Lewis did not raise it within 90 days of receiving the right to sue letter from the EEOC and (2) a wrongful discharge claim brought under R.C. Chapter 4112 could not support an independent claim for damages since R.C. 4112.99 provides for relief in the form of damages, injunction or "any other appropriate relief." The court granted summary judgment on that basis, and we affirmed. See Lewis v. Fairview Hosp.,156 Ohio App.3d 387, 2004-Ohio-1108.
 {¶ 8} To establish a cause of action for legal malpractice, a plaintiff must show "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a casual connection between the conduct complained of and the resulting damage or loss." Vahila v. Hall (1997), 77 Ohio St.3d 421,427-428, 1997-Ohio-259. If a plaintiff fails to establish a genuine issue of material fact as to any of the foregoing elements, the defendant is entitled to summary judgment on a legal malpractice claim. See Advanced Analytics Laboratories v.Kegler, Brown, Hill Ritter, 148 Ohio App.3d 440,2002-Ohio-3328, at ¶ 34.
 {¶ 9} There is no absolute requirement that the legal malpractice plaintiff prove that the underlying case would have been successful but for counsel's malpractice. Vahila,77 Ohio St.3d at 427-428. However, "a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim." Id. (Citations omitted.)
 {¶ 10} To the extent that any of the legal malpractice claims relate to the state court action, we find that our affirmance of the summary judgment in Lewis v. Fairview Hosp. necessarily renders moot any consideration of the merits of the underlying claim for purposes of this appeal. This is because that summary judgment specifically found that Lewis' Title VII claims were barred even before Lewis retained Keller. Consequently, any injury relating to the failure to file the Title VII claims were not proximately caused by Keller.
 {¶ 11} This leaves as the sole issue on appeal Lewis' claim that Keller negligently failed to refile the dismissed state court action in federal court before the statute of limitations on those potential claims ran. To support these claims, Lewis appended to her brief in opposition to summary judgment a draft federal court complaint that Keller ultimately did not file. Lewis' expert reviewed the draft complaint and concluded that the causes of action pleaded within the draft were so facially deficient that the complaint would have been subject to dismissal. Hence, the expert concluded that Keller failed to exercise that ordinary degree of skill required of attorneys.
 {¶ 12} We find that the court did not err by granting summary judgment on the legal malpractice claim because reasonable minds could only conclude that Keller's conduct in dismissing the state court case and not refiling it in federal court was not the proximate cause of the statute of limitations running on the federal claims. It is difficult to understand how, as Lewis argues, Keller should have filed the draft federal court complaint when Lewis' own expert noted that the draft was so woefully deficient that it could not possibly have survived a motion to dismiss. Keller obviously considered filing in federal court, but decided against it because he lacked access to the prior discovery conducted in the case. He wished to heed the requirements of Fed.R.Civ.P. 11(b)(3) which requires an attorney to certify that the allegations and other contentions in a filing have evidentiary support. Without access to the prior discovery, Keller could not satisfy himself that claims filed in federal court would have met that standard. Exercising restraint in filing unsubstantiated pleadings is not a violation of any obligation that an attorney owes to a client.
 {¶ 13} Missing from the expert's report is any opinion that addresses the merits of Lewis' discrimination claims against the hospital. We understand Lewis to argue that Keller's draft complaint is so poorly drafted that it leaves the inference that Keller failed to give proper consideration to the merits of her case. But Lewis' expert gave no opinion on the merit of any claims founded on federal law. For example, the expert believed that a claim founded on Section 1981, Title 42, U.S. Code would have certainly been dismissed as being outside the statute of limitations. Nowhere in the expert's report is there an indication of the likelihood of success on the merits had the claim been asserted in a timely manner. We recognize thatVahila does not always require this kind of showing, but the circumstances here reasonably demand it. Keller himself celebrated the termination of the attorney/client relationship on grounds that Lewis had an "irrational perspective" of the case. Keller went on to say that "you will not have much jury appeal unless and until you make extensive adjustments in this regard." Of course, a plaintiff's attractiveness to a jury is not dispositive of the merits of a case. Nevertheless, when an attorney evaluates a case, certain intangibles can prove as valuable as the facts and law, and there can be no doubt that Keller believed Lewis to be a detriment rather than an asset.
 {¶ 14} Even more damaging to the likelihood of success on the merits is the summary judgment rendered by the trial court in the underlying case and the subsequent affirmance on appeal. Although the summary judgment was rendered on the Title VII claim based on Lewis' failure to file her claim in a timely manner, the court did discuss for the sake of argument the merits of the Title VII claim. The court agreed that Lewis made out a prima facie case, but found that the hospital met its burden in proffering a legitimate business reason for her termination. The court found that Lewis could not overcome the hospital's showing, relying on "nothing more than conclusory, self-serving, race-baiting statements." The court also found that the hospital established that Lewis removed confidential patient records during her employment. It went on to conclude that it was "unquestionable" that had the hospital discovered Lewis had removed these records while still employed, it would have terminated her.
 {¶ 15} Obviously, the court's statements concerning the merits of the Title VII claims were dicta in light of its decision to render summary judgment on the statute of limitations. Nonetheless, we cannot turn a blind eye to the court's statements on the substance of the claim. The elements of a prima facie case for Title VII and Section 1981 claims are identical. See Johnson v. City of Fort Wayne, Ind. (C.A.7, 1996), 91 F.3d 922, 940. We must presume that the federal court would have viewed the evidence in a similar light, especially since the standards for granting summary judgment under the Federal Rules of Civil Procedure are virtually identical to the Ohio Rules of Civil Procedure. That being the case, Lewis' expert should have rendered an opinion on the merits of a federal Section 1981 action, particularly since the court issued its summary judgment two weeks before the expert submitted his report. If an opinion on that matter was forthcoming, it might have dispelled doubts about the potential merits. As it is, however, the court in this case had every reason to doubt that Lewis would have prevailed even had Keller timely pleaded a Section 1981 action in federal court.
 {¶ 16} It follows that Lewis' failure to demonstrate a likelihood of success on the merits means that she did not establish the causation element of a legal malpractice claim. The court did not err by granting summary judgment.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Karpinski, J., concur.