JOURNAL ENTRY and OPINION
{¶ 1} In this appeal brought on the accelerated calendar, plaintiff-appellant Jeffrey Stricharczuk challenges the trial court's order that granted summary judgment to the Ohio Motorists Association on appellant's claim of wrongful discharge. The purpose of an accelerated appeal is to permit the appellate court to issue a brief and conclusory opinion. Crawford v. Eastland Shopping Mall Assn. (1983)11 Ohio App.3d 158.
 {¶ 2} The record reflects appellee hired appellant in September 1998. Appellant worked in appellee's Lyndhurst and then Solon office before being called to a meeting at appellee's main office on November 22, 1999.
 {¶ 3} At that meeting, two managers informed appellant that some of his coworkers had made numerous complaints of sexual harassment against him. Appellant denied the allegations; upon the conclusion of the meeting, appellant was informed he could return to work on the condition he refrain from speaking to any coworker about it. Appellee later received information that appellant had contacted a female coworker after he left work for the day. On November 24, 1999 appellant received notice his employment was terminated.
 {¶ 4} Appellant subsequently filed the instant action, presenting three claims, viz., wrongful termination due to appellee's "fail[ure] to follow the policies and procedures as set forth in their [employment] manual;" intentional infliction of emotional distress; and defamation. Appellee filed an answer with counterclaims.
 {¶ 5} After it had secured appellant's deposition, appellee filed a motion for summary judgment with respect to his claims. The motion was supported by an affidavit and copies of the employer's employment manual and appellant's deposition testimony. Appellant responded to the motion, but presented no additional evidentiary material that complied with Civ.R. 56(C).
 {¶ 6} The trial court eventually granted appellee's motion, later adding a Civ.R. 54(B) certification to the order.
 {¶ 7} Appellant asserts in his sole assignment of error the trial court inappropriately granted summary judgment to appellee on his claim of wrongful termination of employment. Appellant does not challenge the disposition of his other claims against appellee.
 {¶ 8} Appellant never amended his complaint; nevertheless, he argues as he did in his opposition brief below, that the evidence presented genuine issues of material fact concerning whether his discharge not only violated the employment manual, but, additionally, contravened public policy. This court disagrees.
 {¶ 9} Civ.R. 56(C) makes summary judgment proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1. Once the moving party identifies those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claim, the nonmoving party must produce evidence on that issue and may not rely on merely the unsworn allegations of his complaint. Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107; Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108.
 {¶ 10} Appellee's evidence demonstrated that appellant could not support a claim of wrongful termination. Radikovich v. The Higbee Co.
(May 12, 1994), Cuyahoga App. No. 65374.
 {¶ 11} According to appellee's employment manual, appellee hired appellant "for an indefinite period of time as [it did] not offer or require employment agreements for any specified period of time;" thus, appellant clearly was an employee-at-will. Mers v. Dispatch Printing Co.
(1985), 19 Ohio St.3d 100. Moreover, appellee's policy when determining the "level of disciplinary action" was flexible and contained "procedures that [applied] depending on the circumstances presented" thus, appellant could not establish appellee's actions violated its policies. Healey v.Republic Powdered Metals, Inc. (1992), 85 Ohio App.3d 281.
 {¶ 12} Finally, appellant produced no evidence to support the additional claim he presented in his opposition brief, viz., that his discharge by appellee contravened "public policy." Goins v. CuyahogaMetropolitan Housing Auth., Cuyahoga App. No. 82876, 2004-Ohio-139; cf.,Collins v. Rizkana, 73 Ohio St.3d 65, 1995-Ohio-135. Indeed, the evidence presented in this case suggests appellant's discharge had the effect of promoting public policy, rather than jeopardizing it. Lewis v. FairviewHosp., 156 Ohio App.3d 387, 2004-Ohio-1108, citing Wiles v. Medina AutoParts, 96 Ohio St.3d 240, 2002-Ohio-3994.
 {¶ 13} Under the circumstances, since appellant provided no evidence to sustain a cause of action for wrongful discharge, summary judgment for appellee was appropriate. Id.; Devlin v. North Shore Door Co. (May 11, 1995), Cuyahoga App. No. 68063.
 {¶ 14} Appellant's assignment of error, accordingly, is overruled.
Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and McMonagle, J. Concur.