DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, in which the trial court dismissed a complaint for damages due to abuse of legal process filed by appellant, Daniel J. Sullivan, M.D., J.D.[1] On appeal, appellant sets forth the following as his sole assignment of error: *Page 2 
 {¶ 2} "1. The trial court erred in dismissing the Amended Complaint for failing to state a cause of action for which relief could be granted."
 {¶ 3} The undisputed, relevant facts are as follows. Appellant is an orthopedic surgeon in Sylvania, Ohio, who performed back surgery on patient Michael Jaska.[2] On January 14, 2004, appellee, Chad M. Tuschman, sent a letter to appellant notifying him of Jaska's intent to pursue a medical malpractice action. On March 4, 2004, a second patient on whom appellant performed the same type of back surgery who was represented by appellee sent appellant a letter stating that he was "considering" filing a malpractice action. On June 2, 2004, appellee sent another letter to the attorney hired by appellant's insurance carrier in which appellee alleged that appellant's use of a "brantigan cage" to repair Jaska's spine was negligently performed, because appellant failed to use appropriate internal fixation to secure the position of the device. Appellee further stated that, as a result of appellant's negligence, Jaska was forced to undergo additional surgery to correct his back problem. Appellee characterized the situation as "almost a case of res ipsa loquitur."
 {¶ 4} On February 10, 2004, Jaska filed a complaint against appellant in the Lucas County Court of Common Pleas, which was later voluntarily dismissed. The second patient never filed a lawsuit against appellant. Nonetheless, after receiving notice of the letters and Jaska's lawsuit, appellant's professional liability insurance carrier refused to renew appellant's malpractice policy. As a result, appellant was forced to seek *Page 3 
coverage from a high-risk insurer, and was required to pay substantially higher medical malpractice premiums.
 {¶ 5} On April 20, 2006, appellant filed the complaint herein against appellee, in which he set forth claims of abuse of legal process and negligence.[3] Specifically, the complaint alleged that appellee "improperly conveyed false information" by basing both Jaska's lawsuit and the second patient's aborted claim on a "theory of liability [that] was/is not recognized as a basis for recovery in the State of Ohio or federal law." The complaint further alleged that: (1) contrary to appellee's theory of recovery, additional internal fixation is not recommended for use in conjunction with the brantigan cage; and (2) by accusing appellant of malpractice, appellee was attempting to coerce a settlement. Finally, the complaint stated that, as a result of appellee's actions, appellant was forced into the category of "high risk provider," which caused him great financial harm.
 {¶ 6} On June 15, 2006, appellee filed a motion for more definite statement pursuant to Civ.R. 12(E). On August 16, 2006, the trial court granted appellee's motion, and ordered appellant to "provide a more definite statement" as to appellee's "ulterior motive" for bringing an action for abuse of process. As to the negligence claim, the trial court ordered appellant to "[set] forth the duty" owed to him by appellee. On September 14, 2006, appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(b)(6), for failure to state a claim upon which relief may be granted. *Page 4 
 {¶ 7} On September 19, 2006, appellant filed an amended complaint, in which he stated that the "ulterior purpose" behind appellee's letters and the Jaska lawsuit was to "coerce a payment of money" from appellant in exchange for not pursuing Jaska's and Cooper's claims. The amended complaint did not contain an allegation of negligence.
 {¶ 8} On October 26, 2006, the trial court filed a judgment entry in which it found that, as to the abuse of process claim, appellant "merely changed the allegation in his original complaint that [appellee's] ulterior purpose was to `coerce a settlement' to the phrase `coerce a payment of money.'" The trial court concluded that the amended complaint did not sufficiently set forth a claim for abuse of process, and dismissed it on that basis. Appellant filed a timely notice of appeal on November 21, 2006.
 {¶ 9} Pursuant to Civ.R. 12(B)(6), a defendant may assert in a responsive pleading or motion that the complaint should be dismissed for "failure to state a claim upon which relief can be granted." In order "for a defendant to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief." DeMell v. Cleveland Clinic Foundation, 8th Dist. No. 88505, 2007-Ohio-2924, ¶ 7, citing Cincinnati v. BerettaU.S.A. Corp., 95 Ohio St.3d 416, 2002-Ohio-2480. (Other citations omitted.)
 {¶ 10} On appeal, "review of a judgment granting a Civ.R. 12(B)(6) motion to dismiss is de novo. Perrysburg Twp. V. Rossford,103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing such a judgment, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor *Page 5 
of the plaintiff. Maitland v. Ford Motor Co., 103 Ohio St.3d 463,2004-Ohio-5715, 816 N.E.2d 1061." DeMell v. Cleveland ClinicFoundation, supra, ¶ 6.
 {¶ 11} In Yaklevich v. Kemp, Schaeffer Rowe Co. (1994),68 Ohio St.3d 294, 1994-Ohio-503, the Supreme Court of Ohio set forth the elements of the tort of abuse of process as follows:
 {¶ 12} "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed * * *; and (3) that direct damage has resulted from the wrongful use of process. * * *" Id., at 298.
 {¶ 13} It is undisputed in this case that the legal action initiated by appellee was brought in proper form and with probable cause. However, on appeal, appellant asserts that the trial court erred by dismissing the amended complaint for "failing to state a cause of action." In support, appellant argues that the trial court erroneously "chose to believe the Appellee's claim that he [appellee] did not engage in any misconduct." Stated another way, appellant argues that the trial court should have concluded that appellee had an "improper" or "ulterior" purpose in initiating legal proceedings in this case because he advanced a legal theory that is not recognized under Ohio law in an attempt to "coerce" or "extort" money from appellant. Accordingly, on appeal, we must analyze whether the complaint sets forth sufficient facts to demonstrate that appellee initiated legal action in this case in order to "accomplish an ulterior purpose for which [the action] was not designed." Yaklevich, supra. *Page 6 
 {¶ 14} As authority for his position, appellant relies on Robb v.Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, in which the Supreme Court of Ohio stated that the "improper purpose" in an action for abuse of process "`usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. Prosser Keeton on Torts (5 Ed.1984) 898, Section 121.'" Id., at 271. However, appellant's reliance onRobb is misplaced, for the following reasons.
 {¶ 15} In Yaklevich, supra, the Ohio Supreme Court expanded its example of an "ulterior purpose" by stating that "`there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' Prosser Keeton, supra, at 898." Id., FN2. As to appellant's claim that appellee attempted to "extort" money from him by utilizing an unrecognized theory of recovery, Ohio courts have consistently held that "a threat to pursue a civil action, even if the action would be entirely frivolous or brought in bad faith, does not constitute extortion" in the context of an action for abuse of legal process. Tilberry v. McIntyre (1999), 135 Ohio App.3d 229, 241.
 {¶ 16} In this case, the primary thrust of appellant's complaint is that appellee attempted to initiate legal action against appellant for the express purpose of forcing him to pay money. However, it is well-settled that the objective in any tort action is to ascertain "that amount of money which will compensate and make whole the injured party."Johnson v. Thrift Savings Loan Co. (May 26, 1993), 1st Dist. No. C-920115, *Page 7 
citing Pryor v. Webber (1970), 23 Ohio ST. 20, 104. As set forth above, even if such a purpose is motivated by ill-will or bad faith, or is entirely frivolous, it is not legally sufficient to support a claim of abuse of legal process.
 {¶ 17} This court has reviewed the entire record of proceedings in the trial court and, upon consideration thereof finds, after taking all the allegations in the complaint as true, and construing all reasonable inferences in appellant's favor, that appellant has not presented evidence sufficient to satisfy the second prong of the test set forth inYaklevich, supra. Accordingly, we agree with the trial court's conclusion that the complaint contains no set of facts which would entitle appellant to relief. Appellant's sole assignment of error is not well-taken.
 {¶ 18} On consideration whereof, we further find that substantial justice has been done the party complaining. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
[1] In addition to being a medical doctor, appellant has graduated from law school, and is a licensed attorney.
[2] The record shows that appellant performed back surgery on many other patients, in which he employed substantially similar techniques.
[3] Appellant filed an earlier lawsuit, which was dismissed. *Page 1