[Cite as *Gati v. Americredit Fin.*, 2012-Ohio-361.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96919

---

## ANTHONY GATI, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

## AMERICREDIT FINANCIAL, ETC.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-745353

**BEFORE:** Jones, J., Sweeney, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 2, 2012

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglass Co., L.P.A.
20521 Chagrin Boulevard
Suite D
Shaker Heights, Ohio 44122


**ATTORNEYS FOR APPELLEE**

James S. Wertheim
Melany K. Fontanazza
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard
Suite 406
Cleveland, Ohio 44122


LARRY A. JONES, J.:

{¶ 1} Plaintiffs-appellants, Anthony Gati and Suzie Galemmo, appeal the trial court's judgments (1) denying their motion for a temporary restraining order and (2) dismissing their claim under the Ohio Consumer Sales Practices Act. We affirm.

I. Procedural History and Facts

{¶ 2} Prior to this litigation, in March 2009, Americredit filed a replevin action against Gati and Galemmo, seeking possession of Gati's vehicle. In October 2009, Galemmo answered and counterclaimed, asserting a claim for relief based on alleged violations of the Ohio Consumer Sales Practices Act. Gati also filed a motion to dismiss.

In August 2010, the trial court found that Americredit did not have standing, granted Gati's motion to dismiss, and dismissed the case.

{¶ 3} Americredit repossessed the vehicle in early December 2010. On December 14, 2010, plaintiffs filed an emergency motion to show cause and for return of the vehicle. The court denied the motion, stating that the case had been dismissed and it, therefore, lacked jurisdiction.

{¶ 4} Gati and Galemmo then initiated this action in January 2011. Count 1 of the complaint sought return of the vehicle. Count 2 alleged violations of the Ohio Consumer Sales Practices Act. Plaintiffs also filed a motion for a temporary restraining order and injunctive relief. Shortly after the case was filed, the court ordered that the vehicle not be sold pending resolution of the case.

{¶ 5} The record demonstrates that in November 2006, Americredit and Huntington National Bank entered into an auto loan purchase and sale agreement ("master agreement"). The master agreement provided that Huntington would fund auto loans and sell or assign them to Americredit in bulk. Upon sale, the loan "shall be owned and controlled exclusively by Americredit." Huntington was to be named the initial lienholder on the certificates of title, but upon its receipt from Americredit of the purchase price for the loan, the "Loan, and all rights, benefits, payments, proceeds, and obligations arising from or in connection with the Loan, together with any lien or security interest in the Vehicle serving as collateral with the loan, shall vest with Americredit." As part of the master agreement, Huntington executed a master power of attorney, giving Americredit the right to, among

other things, repossess vehicles that were part of the master agreement.

{¶ 6} Gati and Galemmo purchased the vehicle in May 2007. They obtained financing from Huntington, thus Huntington was the initial lienholder. In June 2007, Huntington assigned the loan to Americredit under the master agreement.

{¶ 7} In February 2011, the trial court denied the plaintiffs' motion for a temporary restraining order and injunctive relief. The court found that the plaintiffs failed to demonstrate by clear and convincing evidence a substantial likelihood of success on the merits. Specifically, the court found that the plaintiffs failed to make the necessary payments on the loan and under the agreements Huntington Bank, the predecessor lienholder, had with Americredit, Huntington's assignee, Americredit was entitled to possession of the vehicle and lawfully repossessed it. Thus, the trial court's ruling on plaintiffs' motion for a temporary restraining order and injunctive relief resolved Count 1 of their complaint.

{¶ 8} Americredit filed a motion to dismiss Count 2 of the complaint; the trial court granted the motion, finding that the allegations of violations of the Consumer Sales Practices Act were outside the statute of limitations.

{¶ 9} Gati and Galemmo now present the following assignment of error for our review: "The court erred when it held that private parties may override the Motor Vehicle Title Act by contract and thereby vest a party who does not perfect a security interest in a motor vehicle as required by RC §4505.13 with the rights of a secured party."

II.   Law and Analysis

A.     Temporary Restraining Order, Injunctive Relief, and Americredit's Repossession of the Vehicle

{¶ 10} We review a trial court's decision to grant or deny injunctive relief for an abuse of discretion.  *Meade v. Beverly Enterprises-Ohio, Inc.*, 154 Ohio App.3d 521, 2003-Ohio-5231, 797 N.E.2d 1040, ¶ 11 (11th Dist.).   An "abuse of discretion" connotes more than a mere error of law or judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} The trial court may consider the following factors when determining whether injunctive relief is appropriate:

> (1) [T]he likelihood of the plaintiff's success on the merits, (2) whether there exists an adequate remedy at law, (3) whether the injunction would prevent irreparable harm, (4) a balancing of the potential injury to the defendant and the general public, and (5) whether the injunctive relief sought is for the purpose of maintaining the status quo pending a trial on the merits.
> *Rein Constr. Co. v. Trumbull Cty. Bd. of Commrs.*, 138 Ohio App.3d 622, 630-631, 741 N.E.2d 979 (11th Dist.2000).

{¶ 12} In an action for a temporary or permanent injunction, the plaintiff must prove his or her case by clear and convincing evidence.   *Franklin Cty. Bd. of Health v. Paxson*, 152 Ohio App.3d 193, 2003-Ohio-1331, 787 N.E.2d 59, ¶ 25 (10th Dist.).

{¶ 13} In their assignment of error, Gati and Galemmo contend that security interests in motor vehicles are governed by R.C. 4505.13, and the interest must be reflected on the motor vehicle's title.   Here, the title to the motor vehicle lists Huntington as the lienholder.   Thus, according to the plaintiffs, if Huntington did transfer the loan to Americredit, it failed to perfect the security interest, and, therefore, did not have an

enforceable security interest in the vehicle.   We disagree.

**{¶ 14}** R.C. 4505.13(B), governing security interests in motor vehicles, provides in pertinent part as follows:

> any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title or the clerk has entered a notation of the agreement into the automated title processing system and a physical certificate of title for the motor vehicle has not been issued, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants.

**{¶ 15}** A security interest in a motor vehicle can therefore be perfected in one of two ways: (1) by notation of the lien on the vehicle's certificate of title or (2) by the clerk's notation in the automated title processing system if no physical certificate of title has yet been entered.   *In re Fields*, 351 B.R. 887, 890 (S.D.Ohio 2006), citing R.C. 4505.13(B).

**{¶ 16}** As stated in *In re Fields*:

> When perfection of a security interest is accomplished by compliance with the Motor Vehicle Title law, the Motor Vehicle Title Law also governs issues regarding duration and renewal of that perfected security interest. For those matters not involving duration and renewal, Chapter 1309 still applies.   The assignment of a perfected security interest involves neither duration nor renewal, and so the effect of such assignment is determined by Chapter 1309.   *Id.* at 891.   Thus, "[w]hile it is true that the recordation or perfection of a secured creditor[']s security interest in a motor vehicle is controlled by R.C. 4505.13, the creation of the security interest is controlled by R.C. 1309.14."   *Apple Creek Banking Co. v. Junior M. Smith, Inc.*, 9th Dist. No. 2094, 1985 WL 4647, *2 (Dec. 18, 1985).

**{¶ 17}** R.C. 1309.311(B) provides that: "a security interest in property subject to [R.C. 4505.13(B)] may be perfected only by compliance with those requirements, and a security interest so perfected remains perfected notwithstanding a change in the use or

transfer of possession of the collateral." In *In re Fields*, the bankruptcy court rejected the argument that a lienholder's interest was unperfected because it was not listed on the certificate of title. *Id.* at 893-894. Similarly, here, Americredit was not required to reperfect the security interest that was assigned to it by Huntington. The interest was properly assigned, therefore, Americredit was within its rights to repossess the vehicle. The trial court properly denied plaintiffs' request for injunctive relief and disposed of Count 1 of their complaint.

B. Consumer Sales Practices Act Claim

{¶ 18} The trial court dismissed the plaintiffs' claim under the Consumer Sales Practices Act as being barred by the statute of limitations. Civ.R. 12(B) governs a defendant's motion to dismiss for, among other things, "(6) failure to state a claim upon which relief can be granted." The standard of review regarding a dismissal for failure to state a claim was set forth by this court as follows in *DeMell v. Cleveland Clinic Found.*, 8th Dist. No. 88505, 2007-Ohio-2924, ¶ 6-7:

> Appellate review of a judgment granting a Civ.R. 12(B)(6) motion to dismiss is de novo. When reviewing such a judgment, an appellate court must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff.
> For a defendant to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. (Citations omitted.)

{¶ 19} The transaction that was the basis for the plaintiffs' Consumer Sales

Practices Act claim occurred on June 15, 2007, when Huntington assigned the loan to Americredit under the master agreement. Under the Act, as set forth in R.C. 1345.10(C), an action must be brought forth within two years of the occurrence of the alleged violation. The first action, brought by Americredit, was filed in March 2009. Gati and Galemmo did not file their counterclaim in that action, however, until October 17, 2009. The claim, therefore, was commenced outside of the two-year statute of limitations.

{¶ 20} Because such an action would have been brought outside the statute of limitations, it cannot form the basis for applying the savings statute to the present action. The Ohio Supreme Court has made it explicitly clear that "[t]he Ohio saving clause cannot save an action from the running of the statute of limitation unless the original action was commenced or attempted to be commenced within the applicable period of limitation." *Howard v. Allen*, 30 Ohio St.2d 130, 133-34, 283 N.E.2d 167 (1972).

{¶ 21} In light of the above, the trial court properly dismissed plaintiffs' Consumer Sales Practices Act claim.

Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, JUDGE

JAMES J. SWEENEY, P.J., and
MARY EILEEN KILBANE, J., CONCUR