[Cite as *State v. Ellison*, 2018-Ohio-1835.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-328 |
| v. | : | (C.P.C. No. 15CR-4670) |
| Antonio J. Ellison, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 10, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Antonio J. Ellison, appeals a judgment of the Franklin County Court of Common Pleas retaining jurisdiction over Ellison and committing him to Twin Valley Behavioral Healthcare ("Twin Valley"). For the following reasons, we reverse that judgment and remand this matter to the trial court.

{¶ 2} On September 23, 2015, Ellison was indicted on (1) one count of rape, a violation of R.C. 2907.02 and a felony of the first degree; (2) two counts of kidnapping, violations of R.C. 2905.01 and felonies of the first degree; and (3) one count of abduction, a violation of R.C. 2905.02 and a felony of the third degree. The indictment arose out of

Ellison's assault of E.R.  According to E.R., on the evening of September 14, 2015, Ellison held her down and forced his fingers into her vagina.  Although Ellison briefly let E.R. go, he followed her and beat and kicked her.

{¶ 3}  After Ellison pleaded not guilty to the charges, defense counsel raised the question of Ellison's competency to stand trial.  Pursuant to R.C. 2945.371(A), the trial court ordered an evaluation of Ellison's mental condition.  An examiner evaluated Ellison and submitted a written report.

{¶ 4}  At a hearing on the issue of Ellison's competency, the prosecutor and defense counsel stipulated to the admission of the examiner's written report.  Based on the report and other evidence, the trial court found that:

> [Ellison] is presently mentally ill and mentally retarded and subject to court ordered hospitalization, that [Ellison] does not understand the nature and objective of the proceedings against [him] and presently cannot assist in [his] defense, and that there is a substantial probability that [Ellison] will become competent to stand trial within one year if [he] is provided with a course of treatment.

(Jan. 13, 2016 Entry at 1.)  The trial court ordered Ellison to undergo inpatient treatment at Twin Valley for one year.  On February 12, 2016, the trial court issued an order permitting Ellison to receive treatment at Summit Behavioral Healthcare rather than Twin Valley.

{¶ 5}  After Ellison had received six months of treatment, his treatment provider submitted a written report regarding his mental condition to the trial court.  At a subsequent hearing, the prosecutor and defense counsel again stipulated to the admission of the written report.  Based on that report and other evidence, the trial court found "th[at] [Ellison] continue[d] to be mentally ill and subject to Court ordered hospitalization." (July 11, 2016 Entry at 1.)  The trial court required Ellison to continue treatment for restoration to competency.

{¶ 6}  At the one-year mark, the prosecutor moved for the trial court to retain jurisdiction over Ellison and commit him for mental health treatment.  The trial court held a hearing on the prosecutor's motion.  At that hearing, defense counsel stipulated that Ellison was a "mentally ill person subject to hospitalization," but contested whether clear and convincing evidence established that Ellison committed the offenses contained in the indictment. (Tr. at 6.)  To prove Ellison's culpability, the prosecutor presented testimony

from the police detective who investigated E.R.'s allegations of assault. The prosecutor also introduced the written report that a sexual assault nurse examiner had prepared to document the incident and E.R.'s injuries.

{¶ 7} In addition to the evidence presented by the prosecutor, the trial court had before it the most recent written report from Ellison's treatment provider. Both the prosecutor and the defense counsel stipulated to the findings and recommendations contained in the treatment provider's report.

{¶ 8} Subsequent to the hearing, the trial court issued an entry that stated:

> Based upon the evidence presented and any stipulations of counsel, the Court finds that:
>
> * * *
>
> 2. The defendant remains mentally ill subject to court ordered hospitalization.
>
> * * *
>
> 4. Upon motion of the Prosecutor, the Court finds both of the following by clear and convincing evidence:
>
> a. the defendant committed the offenses charged;
>
> b. the defendant is mentally ill.

(Apr. 6, 2017 Entry at 1-2.) The entry also committed Ellison to Twin Valley for mental health treatment.

{¶ 9} Ellison now appeals the trial court's April 6, 2017 judgment, and he assigns the following errors:

> [1.] Because the lower court failed to find by clear and convincing evidence under R.C. 2945.39(A)(2)(a-b) that Appellant committed the offenses with which he is charged *and* that he is a mentally ill person subject to court order it erred in retaining jurisdiction over the Appellant. This violated R.C. 2945.39(A)(2) and (C) as well as the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.
>
> [2.] The lower court committed plain error when it accepted Appellant's stipulation that he was a "mentally ill person

subject to court order" under R.C. 5122.01(B) in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

[3.] The lower court abused its discretion and committed reversible error when it admitted hearsay evidence in deciding to retain jurisdiction over Appellant during the April 6, 2017 hearing in violation of Evid. R. 802, and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 16 of the Ohio Constitution.

[4.] The court's decision retaining jurisdiction is not supported by the manifest weight of the evidence.

(Emphasis sic.)

{¶ 10} By Ellison's first assignment of error, he argues that the trial court failed to make the findings specified in R.C. 2945.39(A)(2) by clear and convincing evidence. Thus, Ellison contends, the trial court erred by not dismissing the indictment and discharging him.

{¶ 11} A common pleas court may require a defendant charged with a violent first- or second-degree felony to undergo treatment for up to one year if the court determines that the defendant is incompetent to stand trial. R.C. 2945.38(B)(1)(a) and (C)(1)(b); *accord State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, ¶ 11. At the conclusion of the one-year period of treatment, one of two courses of action must ensue if the defendant remains incompetent. R.C. 2945.39(A); *Williams* at ¶ 12. First, the court or the prosecutor may seek the defendant's civil commitment in the probate court under R.C. Chapter 5122 or 5123. R.C. 2945.39(A)(1). Second, the court or the prosecutor may move for the common pleas court to retain jurisdiction over the defendant. R.C. 2945.39(A)(2).

{¶ 12} To retain jurisdiction, the trial court must find, by clear and convincing evidence after a hearing, that (1) the defendant committed the charged offense, and (2) the defendant is a mentally ill person subject to court order or a person with an intellectual disability subject to institutionalization by court order. R.C. 2945.39(A)(2)(a) and (b); *Williams* at ¶ 13. If the trial court does not make both R.C. 2945.39(A)(2) findings, it must dismiss the indictment and discharge the defendant unless the court or prosecutor seeks the defendant's civil commitment in the probate court under R.C. Chapter 5122 or 5123.

R.C. 2945.39(C).  On the other hand, if the trial court makes both R.C. 2945.39(A)(2) findings, it must commit the defendant to an appropriate facility.  R.C. 2945.39(D).

{¶ 13}  As used in R.C. 2945.39(A)(2)(b), the phrase "mentally ill person subject to court order" is a statutorily defined term of art.  *See* R.C. 2945.37(A)(7) (stating that, "[a]s used in sections 2945.37 to 2945.402 of the Revised Code," the phrase " 'mentally ill person subject to court order' * * * ha[s] the same meaning[ ] as in section 5122.01 of the Revised Code").  Under R.C. 5122.01(B), a " '[m]entally ill person subject to court order' " is "a mentally ill person who, because of the person's illness[,]" either represents a substantial risk of physical harm to himself or others, or would benefit from treatment.[1]  Given this definition, evidence of mental illness alone does not establish a defendant as a "mentally ill person subject to court order."

{¶ 14}  Here, the trial court made two findings regarding Ellison's mental condition in its April 6, 2017 entry.  First, the trial court found that Ellison "remain[ed] mentally ill subject to court ordered hospitalization."  (Apr. 6, 2017 Entry at ¶ 2.)  Second, the trial court found "by clear and convincing evidence" that Ellison was "mentally ill."  *Id.* at ¶ 4(b).

{¶ 15}  In substance, the first finding roughly corresponds with the finding required by R.C. 2945.39(A)(2)(b), i.e., that "[t]he defendant is a mentally ill person subject to court order."[2]  However, the trial court did not explicitly make that finding by clear and convincing evidence.  The second finding, while expressly reached under the correct standard, only states that Ellison is mentally ill, which does not amount to a finding that Ellison is a "mentally ill person subject to court order."

{¶ 16}  "A civil commitment for any purpose is a significant deprivation of liberty." *Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, at ¶ 54.  Due to the importance of the interest at stake, a trial court must articulate its R.C. 2945.39(A)(2) findings with clarity and specificity.  That clarity and specificity is lacking in the April 6, 2017 entry.  Reading the

---

[1]  R.C. 5122.01(B) sets forth a lengthy, multi-part definition of the phrase "mentally ill person subject to court order."  For ease of discussion, we only broadly summarize that definition in this decision.

[2]  Previously, R.C. 2945.39(A)(2)(b) required a trial court to determine whether a defendant was a "mentally ill person subject to *hospitalization by* court order."  (Emphasis added.)  However, 2014 Am.Sub.S.B. No. 43 deleted the words "hospitalization by," thus resulting in the requirement that a trial court determine whether a defendant is a "mentally ill person subject to court order."  Although this change became effective on September 17, 2014, both the trial court and the parties often used the outdated phraseology during the proceedings below.

entry in its entirety, we conclude that it is fundamentally ambiguous on the question of whether the trial court reached the finding that Ellison is a mentally ill person subject to court order under the clear-and-convincing standard.

{¶ 17} Both parties want us to ignore that ambiguity and decide this appeal in their favor. The state urges us to apply the presumption that the trial court knows the law and conclude that the trial court made the first finding under the correct standard of review. Ellison urges us to focus on the second finding and conclude that the trial court failed to make the necessary R.C. 2945.39(A)(2)(b) finding. We decline to follow either of these courses of action.

{¶ 18} When a trial court's language is ambiguous, "it is improper for the court of appeals to presume that the lower court reached an incorrect legal conclusion. A remand directing the [trial] court to clarify its order is generally permissible" and presents "the better approach." *Sprint/United Mgt. Co. v. Mendelsohn*, 552 U.S. 379, 386 (2008). Here, Ellison's first assignment of error identifies an ambiguity unresolvable by this court. We thus remand this matter to the trial court so that it can clarify whether or not it reached the disputed finding under the correct standard of review.

{¶ 19} Our determination of Ellison's first assignment of error moots, at least for now, the second, third, and fourth assignments of error. Until the trial court clarifies its finding regarding whether Ellison is a mentally ill person subject to court order, we cannot decide the remaining assignments of error.

{¶ 20} For the foregoing reasons, we find that Ellison's first assignment of error raises an issue that the trial court must clarify, and we find the remaining assignments of error moot. We reverse the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court to state whether it made both of the R.C. 2945.39(A)(2) findings using the clear-and-convincing standard of review.

*Judgment reversed;*
*cause remanded with instructions.*

BRUNNER and HORTON, JJ., concur.

_____