[Cite as *State v. Wright*, 2020-Ohio-1271.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                            No. 108343

v.                                         :

ORTLEY WRIGHT,                             :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** April 2, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627155-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Ortley Wright ("Wright") appeals from the trial court's judgment and assigns the following errors for our review:

I.    The court's conclusion that Mr. Wright should permanently remain under court supervision violates due process because it is not sufficiently supported by the evidence presented.

II.   The trial court erred when it failed to dismiss the SVP specification in Mr. Wright's indictment in the wake of information that they were prohibited under the state and federal constitutions' ex post facto clauses.

{¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's judgment in part and remand this case for proceedings consistent with this opinion. The apposite facts follow.

{¶ 3} On March 26, 2018, Wright was indicted for various offenses related to two alleged rapes that occurred in 1998 and 2001, respectively. Specifically, Wright was indicted as follows for an incident that occurred on March 28, 1998: rape in violation of R.C. 2907.02(A)(2), a first-degree felony; kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony; and two counts of aggravated burglary in violation of R.C. 2911.11(A)(1), both first-degree felonies. Additionally, Wright was indicted as follows for an incident that occurred on July 7, 2001: two counts of rape in violation of R.C. 2907.02(A)(2), both first-degree felonies; and kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony. Wright's indictment included sexual motivation and sexually violent predator specifications.

{¶ 4} On June 28, 2018, the trial court ordered Wright to undergo a psychiatric evaluation to determine his competency to stand trial. The court issued a journal entry on August 27, 2018, which referenced an August 10, 2018 psychiatric report finding Wright incompetent but restorable. The court ordered Wright "to in-

patient treatment for competency restoration at North Coast Behavioral Health under the supervision of the court evaluation unit."

{¶ 5} On February 20, 2019, the court held a hearing based on a January 7, 2019 report from the Cuyahoga County Court Psychiatric Clinic indicating that Wright was incompetent and unrestorable.

{¶ 6} Ohio Bureau of Criminal Investigation Special Agent Lindsay Mussell ("Agent Mussell") testified that she is assigned to the Cuyahoga County Sexual Assault Cold Case Task Force. She investigated a 1998 sexual assault that B.W. reported to the Cleveland police. According to Agent Mussell, B.W. was sexually assaulted by Wright, whom she had met when they were both patients at a hospital.

{¶ 7} The 1998 police report stated that Wright went to B.W.'s house, but B.W. did not want him there. Wright asked to use the phone, but B.W. refused. According to this report, Wright then forced his way into the house, took B.W. against her will to the bedroom, and raped her vaginally.

{¶ 8} After the incident, B.W. went to the hospital where a rape kit was performed. B.W. was uncooperative with police at the time, and this kit went untested until recently. On February 26, 2018, the DNA from the rape kit was compared to a DNA standard voluntarily taken from Wright, and the result was that Wright "is included to be rarer than one in one trillion."

{¶ 9} Agent Mussell testified that she interviewed B.W., who stated that she and Wright exchanged contact information when they were patients at a hospital. After they both were released, Wright came to where B.W. lived and stayed "for an

evening or two." Ultimately, Wright became disruptive, refusing to leave or leaving and forcing his way back into the house. According to Agent Mussell, "[t]here was a physical altercation in the house that occurred, and the sexual assault followed shortly thereafter."

{¶ 10} Agent Mussell also testified that she interviewed Wright, who indicated "that he knew [B.W.], they had dated, and that [the sex] was consensual." Wright told Agent Mussell that he met B.W. while they were patients at the hospital, trying "to get off the drugs." After they were discharged they would get high together. Wright told Agent Mussell that he did not recall a physical assault between him and B.W.

{¶ 11} Agent Mussell next testified that she investigated a police report made by L.M. in 2001. "[L.M.] reported she was a patient at a hospital, and that she was forced into her room and * * * forcibly vaginally and anally raped by Mr. Wright." According to Agent Mussell, she did not interview L.M. as part of this investigation, because L.M. passed away in 2007. L.M. had a rape kit performed, but the results "found no male DNA in either her vagina or her anus." Agent Mussell interviewed Wright about L.M.'s 2001 accusation, and he stated that L.M. "did not look familiar to him * * * and he denied having sex with her."

{¶ 12} Based on Agent Mussell's testimony, the court found Wright "guilty," under a clear and convincing evidence standard, of all charges as indicted including the sexually violent predator specifications. On February 26, 2019, the court issued a journal entry that further found as follows:

> The court finds by clear and convincing evidence both that the defendant committed the offense with which defendant is charged and that defendant is [a] mentally ill person and/or developmentally disabled person subject to hospitalization and/or institutionalization by court order.
>
> Defendant is hereby ordered to Northcoast Behavioral Healthcare, South Campus, as the least restrictive treatment setting.

{¶ 13} It is from this order that Wright appeals.

**Incompetent to stand trial and unrestorable**

{¶ 14} R.C. 2945.39

> authorizes a common pleas court to exercise continuing jurisdiction over a criminal defendant who has been charged with a violent first- or second-degree felony and who has been found incompetent to stand trial" if "the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment * * *.

*State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 1; R.C. 2945.39(A).

{¶ 15} "To retain jurisdiction, the trial court must find, by clear and convincing evidence after a hearing, both that the defendant committed the charged offense and that the defendant is a mentally ill person subject to hospitalization by court order. R.C. 2945.39(A)(2)(a) and (b)." *Williams* at ¶ 13.

> Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.

*Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶ 16} Pursuant to R.C. 2945.39(B)

In making its determination under division (A)(2) of this section as to whether to retain jurisdiction over the defendant, the court may consider all relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law.

{¶ 17} Additionally, the *Williams* Court held that "R.C. 2945.39 is a civil statute. Consequently, a person committed under the statute need not be afforded the constitutional rights afforded to a defendant in a criminal prosecution." *Williams* at ¶ 37.

{¶ 18} Under R.C. 2945.39(C), if the court does not make the (A)(2)(a) and (b) findings by clear and convincing evidence, "the court shall dismiss the indictment, information, or complaint against the defendant. Upon the dismissal, the court shall discharge the defendant unless the court or prosecutor files an affidavit in probate court for civil commitment of the defendant * * *." The statute also notes that a "dismissal of charges under this division is not a bar to further criminal proceedings based on the same conduct." *Id.*

{¶ 19} In the case at hand, the state and the defense stipulated to the psychiatric report that Wright was incompetent and unrestorable. On appeal, Wright challenges "whether there was evidence clearly and convincingly demonstrating that he committed the charged offenses" in the 2001 alleged rape of L.M.

{¶ 20} Wright argues that the clear and convincing evidence standard "require[s] more than a prosecutor asking her investigator to read into the record

an 18-year-old police report containing statements from a now deceased but formerly mentally ill complainant and call it a day."  Upon review, we find that L.M.'s narrative of the incident is not only stale and uncorroborated, it is contradicted by the rape-kit results showing no physical injuries to L.M.'s body and no male DNA found on L.M.'s swabs.  Therefore, we cannot say that the state presented clear and convincing evidence that Wright committed the 2001 rapes and kidnapping. *Compare State v. Decker*, 10th Dist. Franklin No. 16AP-684, 2017-Ohio-4266, ¶ 25 (the confession of "a semi-hysterical intellectually disabled man" and corroborating testimony amounting to hearsay about a minor-victim's statements "cast doubt about whether the trial court had before it clear and convincing evidence that Decker committed the offenses with which he was charged").

**{¶ 21}** Upon review, we conclude that the trial court erred in finding by clear and convincing evidence that Wright committed the 2001 offenses concerning L.M. Accordingly, Wright's first assigned error is sustained.

**Sexually Violent Predator Specification**

**{¶ 22}** Pursuant to R.C. 2971.01(H)(1), a sexually violent predator "means a person who, on or after January 1, 1997, commits a sexually violent offense and is likely to engage in the future in one or more sexually violent offenses."  Pursuant to R.C. 2971.01(H)(2)

> [T]he following factors may be considered as evidence tending to indicate that there is a likelihood that the person will engage in the future in one or more sexually violent offenses:

(a) The person has been convicted two or more times, in separate criminal actions, of a sexually oriented offense or a child-victim offense. * * *

(b) The person has a documented history from childhood, into the juvenile developmental years, that exhibits sexually deviant behavior.

(c) Available information or evidence suggests that the person chronically commits offenses with a sexual motivation.

(d) The person has committed one or more offenses in which the person has tortured or engaged in ritualistic acts with one or more victims.

(e) The person has committed one or more offenses in which one or more victims were physically harmed to the degree that the particular victim's life was in jeopardy.

(f) Any other relevant evidence.

{¶ 23} Wright argues that the sexually violent predator specifications should be dismissed pursuant to *State v. Frierson*, 8th Dist. Cuyahoga No. 106841, 2019-Ohio-317, in which this court held that it was unconstitutional to apply the current version of the specification to offenders whose crimes were committed prior to April 29, 2005, when R.C. 2971.01(H) was amended. This case was accepted for review by the Ohio Supreme Court and a decision is pending.[1]

{¶ 24} However, upon review, we conclude that the trial court erred by finding Wright "guilty" of the sexually violent predator specification. Assuming arguendo that Wright committed a sexually violent offense against B.W., there is no

---

[1] *See State v. Frierson*, Ohio Supreme Court No. 2019-0899 and *State v. Townsend*, Ohio Supreme Court No. 2019-0606.

evidence in the record that Wright is likely to engage in a sexually violent offense in the future.

{¶ 25} In *State v. Williams*, ¶ 1, the Ohio Supreme Court found that "R.C. 2945.39 is a civil statute." Therefore, Wright has not been "convicted" of any sexually oriented offenses. *See State v. Jones*, 1st Dist. Hamilton No. C-160735, 2017-Ohio-5517, ¶ 19 (in reviewing whether the trial court erred by deciding to retain jurisdiction under R.C. 2945.39, the appellate court concluded that "Jones was not actually convicted of any crime"). Therefore, there is no evidence that Wright "has been convicted two or more times, in separate criminal actions, of a sexually oriented offense * * *" pursuant to R.C. 2971.01(H)(2)(a).

{¶ 26} Furthermore, no evidence was presented to show that Wright "exhibits sexually deviant behavior, * * * chronically commits offenses with a sexual motivation," tortured or engaged in ritualistic acts with a victim, or physically harmed a victim "to the degree that the particular victim's life was in jeopardy." Additionally, the state presented no evidence that Wright had any involvement with the criminal justice system other than this case. Accordingly, the state failed to present clear and convincing evidence that Wright is a sexually violent predator and his second assigned error is sustained.

{¶ 27} Additionally, assuming without deciding that there was clear and convincing evidence of Wright committing the 2001 rape of L.M., we are bound by our precedent in *State v. Frierson*, 8th Dist. Cuyahoga No. 106841, 2019-Ohio-317, to vacate the trial court's finding Wright "guilty" of the sexually violent predator

specifications. In *Frierson*, this court reviewed the application of R.C. 2971.01, as amended by the legislature in 2005, to crimes that occurred prior to 2005, and whether this retroactive application violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

{¶ 28} The difference between the sexually violent predator specification statute before and after the 2005 amendment is that "[i]t is now no longer necessary for a sex offender to have a prior conviction of a sexually violent offense in order to satisfy the sexually violent predator specification." *Frierson* at ¶ 10. In other words, after the amendment, all the sexually violent offenses needed to satisfy the sexually violent predator specification could be found in the same indictment. The *Frierson* Court held this sentencing enhancement could not be applied to the defendant, because he was not subject to this enhanced punishment at the time of the offenses. *Id.* at ¶ 11-12.

{¶ 29} In the case at hand, both alleged incidents occurred prior to 2005; therefore, in following *Frierson*, applying the current version of the sexually violent predator specification to Wright would be unconstitutional. *See DeMell v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 88505, 2007-Ohio-2924, ¶ 30 ("under the doctrine of *stare* decisis we are required to adhere to the rule adopted and applied in our prior decisions").

**Conclusion**

{¶ 30} Under R.C. 2945.39(C), if the trial court does not make the statutory findings by clear and convincing evidence, the charges[2] shall be dismissed. The trial court's finding that Wright committed the following offenses is reversed: the 2001 rapes in counts five and six, the 2001 kidnapping in count seven, and the sexually violent predator specifications in all counts in which it is included. This case is remanded to the trial court with instructions to dismiss these charges and specifications.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS
WITH SEPARATE OPINION

---

[2] R.C. 2945.39(C) states that "the court shall dismiss the indictment, information, or complaint against the defendant" if the court does not make the (A)(2)(a) and (b) findings by clear and convincing evidence. In the case at hand, Wright does not challenge the charges associated with the 1998 rape of B.W. (other than the sexually violent predator specification).

SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 31} I respectfully dissent. In the first assignment of error, Wright claims that the trial court erred in finding clear and convincing evidence of one of the two crimes he allegedly committed in 1998 and 2001. In this case, Wright was charged with two first-degree felony rape counts for separate acts that occurred in 1998 and 2001. The fact that Wright has not challenged both convictions means any decision we render with respect to the 2001 conviction is purely advisory — it does not alter the trial court's conclusion to retain jurisdiction and remand Wright for further treatment under R.C. 2945.39 solely based on the 1998 crimes. Even if there were not clear and convincing evidence of the 2001 crime, that count would be dismissed subject to further criminal prosecution should Wright's competency or sanity be restored under the treatment imposed for the 1998 crime. R.C. 2945.39(C) ("A dismissal of charges under this division is not a bar to further criminal proceedings based on the same conduct."). Thus, there is no remedy that can be offered in light of the clear and convincing evidence offered in support of the 1998 rape crime (the DNA evidence from a home invasion series of events) — Wright is still subject to the continuing jurisdiction of the trial court under R.C. 2945.39. The first assignment of error is moot.

{¶ 32} Wright is challenging the SVP specification for the purposes of R.C. 2945.39 and the succeeding termination date of the involuntary commitment under R.C. 2945.401(J)(1)(b), which provides that the most serious offense with which the offender is charged forms the basis of one of the possible termination dates. With

respect to his purported termination date under R.C. 2945.401(J)(1), we cannot resolve that issue in the pending appeal. Any decision we would render about the presumptive termination date of the civil commitment, which is possibly based on the longest term of imprisonment Wright faced on the most serious felony count under R.C. 2945.401(J)(1)(b), would be advisory at this time. Under R.C. 2945.401(J)(1), an offender committed under R.C. 2945.39 continues under the jurisdiction of the trial court until the earlier of three dates, only one of which involves the maximum prison term or term of imprisonment. Importantly for our purposes, under R.C. 2945.401(J)(a) or (c), the trial court could conclude that Wright is no longer subject to institutionalization or his competency to stand trial for the pending charges was restored long before the expiration of the maximum prison term for the 1998 charges. If that were to occur, our conclusion on the maximum prison sentence would be completely advisory.