[Cite as *State v. Jackson*, 2021-Ohio-1884.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                         :

    Plaintiff-Appellee,                        :

                                      No. 109788

v.                                                    :

MARQUIS JACKSON,                                      :

    Defendant-Appellant.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 3, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618156-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Megan Helton, Assistant Prosecuting
Attorney, *for appellee.*

Stanley Josselson, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Marquis Jackson, appeals from the trial court's

denial of his motion to dismiss. Finding merit to the appeal, we reverse and remand

for the trial court to enter an order dismissing the indictment against Jackson.

## I.    Factual and Procedural Background

{¶ 2} In 2017, Jackson was arrested on an outstanding registered warrant issued in June 2013, in Cleveland M.C. No. 2013CRA017937.[1]  He was subsequently indicted on charges of aggravated robbery, robbery, theft, and contributing to the delinquency of a minor.  Jackson was referred to the Court's Psychiatric Clinic for a psychiatric evaluation to determine whether he was competent to stand trial.

{¶ 3} At a hearing on October 31, 2017, Jackson appeared with retained counsel.  Jackson's counsel and the state stipulated to Dr. James Rodio's psychiatric report opining that Jackson was not competent to stand trial, but restorable within the relevant statutory timeframe.  The court remanded Jackson to Northcoast Behavioral Health ("NBH") for treatment and restoration.

{¶ 4} Jackson's retained counsel subsequently filed a motion to transfer Jackson's case to the Cuyahoga County Mental Health and Developmental Disabilities docket.  The court never ruled on this motion.

{¶ 5} At a review hearing in June 2018, Jackson appeared with his retained counsel.  The parties stipulated to Dr. Jeffrey Khan's report opining that Jackson lacked the ability to adequately assist with his defense, but that there was a substantial probability that he would be restored within the relevant statutory

---

[1] This case was pending while Jackson was resolving another case in which he was sentenced to four years in prison.  *See* Cuyahoga C.P. No. CR-13-575250.  In fact, according to the indictments, the date of offense giving rise to the instant case —May 29, 2003 — occurred prior to the subsequent case that was resolved.  Despite the existence of the registered warrant, Jackson was not apprised of or arrested on that warrant until he was released from prison in 2017.

timeframe if he continued with treatment.  The court ordered Jackson to continue with treatment at NBH.

{¶ 6} On November 2, 2018, the trial court conducted a competency hearing, which we note was reduced to six pages of transcript.  At the hearing, Jackson was represented by his retained counsel.  The parties stipulated to Dr. Susan Hatters Friedman's report opining that Jackson is mentally ill and subject to court-ordered civil commitment.  Following the stipulation, the state orally requested "pursuant to R.C. 2945.38" that the trial court retain jurisdiction over Jackson.  The trial court then stated:

> Okay.  Do we need to do anything further other than — I will make the finding that Mr. Jackson is mentally ill subject to court[-]ordered civil commitment.  And I do find that Northcoast Behavioral Hospital will be the least restrictive treatment alternative at this time.  Counsel, is there anything else the Court needs to do other than retain jurisdiction?

(Tr. 4-5.)  After the parties both answered in the negative, the trial court adjourned the hearing.  The trial court did not make any additional findings, and the state presented no evidence for the trial court to consider.

{¶ 7} The court journalized the following order, which states in relevant part,

> Competency hearing held 11/02/2018.  Parties stipulate to the report written by Susan Hatters Friedman, M.D.  Dr. Hatters Friedman opines with reasonable medical certainty that Mr. Jackson is unable to understand the nature and objective of the proceedings against him and lacks the ability to adequately assist in his defense.  Dr. Hatters Friedman opines that Mr. Jackson is a mentally ill person subject to a court-ordered civil commitment and that Northcoast Behavioral Healthcare is the least restrictive treatment alternative as this time.

On November 26, 2018, the trial court entered a nunc pro tunc journal entry to reflect that the trial court "retains jurisdiction."

**{¶ 8}** On August 5, 2019, the trial court conducted a review hearing pursuant to R.C. 2945.401. Although Jackson had retained counsel, the court inexplicably assigned a public defender to represent Jackson. At the hearing, the state and the *court-assigned* public defender stipulated to Jackson's continued commitment at NBH. There is nothing in the record evidencing that notice of the review hearing was sent to Jackson's retained counsel or that counsel had moved to withdraw from the case.

**{¶ 9}** On March 4, 2020, Jackson's retained counsel moved the trial court for a status hearing and disposition of Jackson's case. In the motion, counsel advised that Jackson's mother obtained guardianship over Jackson, and thus requested that he be released into her care and custody. The trial court denied the motion the same day, stating that "counsel had not filed a notice of appearance." The following day, Jackson's retained counsel filed a notice of appearance. The trial court then again denied Jackson's motion for a status hearing and disposition, presumably on the merits of the request.

**{¶ 10}** In May 2020, Jackson's retained counsel filed a motion to dismiss and discharge Jackson pursuant to R.C. 2945.39. In the motion, he contended that the trial court failed to follow the statutory mandates of R.C. 2945.39 to retain jurisdiction. The state opposed the motion, contending that the trial court had jurisdiction over Jackson for up to 11 years. The trial court summarily denied the motion. Jackson timely appealed.

**{¶ 11}** This court granted the state's request to supplement the appellate record with (1) the transcript of the November 2, 2018 hearing, and (2) a journal entry filed on July 16, 2020, after the trial court held another statutory review hearing. Despite the trial court undoubtedly having notice that Jackson had retained counsel, it again assigned a public defender to represent Jackson at the July 2020 review hearing. At the hearing, the *court-assigned* public defender acted on Jackson's behalf, and stipulated to and signed a journal entry stating that Jackson (1) remains a mentally ill person subject to civil commitment, and that NBH is the least restrictive treatment for his needs and the safety of the community, and (2) was granted Level 3 and Full Level 4 movement privileges. The record is again entirely devoid of Jackson's retained counsel receiving notification of the review hearing, or any motion to withdraw by Jackson's retained counsel.

## II. The Appeal

**{¶ 12}** Jackson raises the following assignment of error:

> The trial court erred in civilly committing [Jackson] and maintaining jurisdiction over him because, while it conducted a hearing on [November 2, 2018] concerning Jackson's competency, there is no finding that [Jackson] was BOTH a [mentally ill] person subject to hospitalization/institutionalization AND that he committed the offenses with which he was charged with clear and convincing evidence, and in the absence of BOTH findings, the trial court did not apply to the Probate Court of Cuyahoga County for civil commitment. Therefore, [Jackson] must be discharged by the trial court and the criminal case against him must be dismissed.

Simply, Jackson contends that the trial court erred in denying his motion to dismiss and for discharge because it failed to make the requisite statutory findings pursuant to R.C. 2945.39(A)(2) for the trial court to retain jurisdiction over him.

{¶ 13} "R.C. 2945.39, along with its related statutes, authorizes a common pleas court to exercise continuing jurisdiction over a criminal defendant who has been charged with a violent first- or second-degree felony and who has been found incompetent to stand trial and remains so after the expiration of R.C. 2945.38's one-year time frame for restoring competency." *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 1; R.C. 2945.38 and 2945.39.

{¶ 14} After the one-year timeframe for treatment expires and the defendant remains incompetent to stand trial, R.C. 2945.38(H)(3) directs that further proceedings must occur under R.C. 2945.39, 2945.401, and 2945.402. *Williams* at ¶ 12. R.C. 2945.39(A) offers two options that the prosecuting attorney or the trial court can pursue for a defendant who is mentally ill — either may seek (1) civil commitment of the defendant in probate court under R.C. Chapter 5122, or (2) to have the common pleas court retain jurisdiction over the defendant. In this case, the prosecuting attorney orally requested that the trial court retain jurisdiction over Jackson pursuant to R.C. 2945.39(A)(2).

{¶ 15} "To retain jurisdiction, the trial court must find, by clear and convincing evidence after a hearing, both that the defendant (a) committed the charged offense and (b) is a mentally ill person subject to hospitalization by court order." *Williams* at ¶ 13, citing R.C. 2945.39(A)(2)(a) and (b). In making its determination, "the court may consider all relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports,

the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law." R.C. 2945.39(B).

{¶ 16} If the court does not make both findings, R.C. 2945.39(C) mandates that it must dismiss the indictment and discharge the defendant unless the court or the prosecuting attorney files for the defendant's civil commitment in probate court under R.C. Chapter 5122. *Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, at ¶ 14, citing R.C. 2945.39(C). However, "[a] dismissal of charges under [R.C. 2945.39(C)] is not a bar to further criminal proceedings based on the same conduct." *Id.*

{¶ 17} If the court makes both R.C. 2945.39(A)(2) findings, then R.C. 2945.39(D)(1) directs the court to commit the defendant to a hospital, facility, or agency as deemed appropriate in accordance with the statute. "The court must order that the defendant be placed in the least-restrictive commitment alternative available consistent with public safety and the defendant's welfare, 'giv[ing] preference to protecting public safety.'" *Williams* at ¶ 15, quoting R.C. 2945.39(D)(1).

{¶ 18} "Once a court commits a defendant under R.C. 2945.39(D)(1), all further proceedings are governed by R.C. 2945.401 (which include proceedings regarding the defendant's possible placement in nonsecured status; the termination of the commitment; periodic clinical reports and clinical recommendations on the defendant's competence, degree of confinement, and termination of commitment;

and trial court hearing requirements) and 2945.402 (regarding the defendant's possible conditional release)." *Williams* at ¶ 16, citing R.C. 2945.39(D)(3).

{¶ 19} In this case, the parties agree that the trial court did not make the requisite findings under R.C. 2945.39(A)(2) to retain jurisdiction over Jackson. The dispute is over what remedy is afforded to Jackson. Jackson contends that pursuant to the plain language of R.C. 2945.39(C), the indictment should be dismissed because the trial court did not make the findings. The state disagrees that dismissal of the charges against Jackson is mandated because his retained counsel invited the error when he did not object or notify the court that it failed to make the requisite findings. The state alternatively argues that if the invited error doctrine does not apply, this court should remand the matter to the trial court to allow it to conduct a proper hearing under R.C. 2945.39(A)(2) and make the appropriate findings.[2]

## III. Invited Error

{¶ 20} The doctrine of "invited error" provides that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 646 N.E.2d 1115 (1995). In this case, Jackson's retained counsel did not invite any error by failing to object or notify the trial court of its duty to make the requisite statutory findings. The burden is not on the defendant to ensure that the trial court makes the requisite findings. Rather, the state requested that the trial court retain

---

[2] The state did not make any argument in the trial court or on appeal that Jackson's challenge is barred by res judicata. Accordingly, we will not address its application.

jurisdiction over Jackson. Accordingly, the state had the burden to ensure that the trial court adhered to its statutory duties and made the appropriate findings when considering the state's request. *See, e.g., State v. McIntosh*, 2d Dist. Montgomery No. 25445, 2015-Ohio-2786 (finding that the state met its burden of establishing the elements of R.C. 2945.39(A)(2)); *State v. Henderson*, 5th Dist. Fairfield No. 13-CA-61 (finding that the state satisfied its burden under the first prong of R.C. 2945.39(A)(2)). The state's assertion that counsel invited the error is misplaced.

## IV. What is the appropriate remedy?

{¶ 21} When a trial court partially or completely fails to follow the procedural and jurisdictional mandates of R.C. 2945.39(A)(2), what remedy is afforded to a defendant?

{¶ 22} According to the state, this court should remand the case to the trial court to hold a proper hearing and make the necessary findings. The state contends that when a judge makes a procedural error, but the record is clear the parties understand the court's intention of achieving a certain result, reviewing courts can remand the case to the trial court to fix the error. In support, the state cites to cases where the trial court failed to make the statutory findings prior to imposing consecutive sentences, or when the trial court failed to properly advise a defendant of postrelease control. In each of these instances, reviewing courts, including this court, have remanded the matter to the trial court to make the findings, if supported by law and the record. *See State v. Matthews*, 8th Dist. Cuyahoga No. 102217, 2015-Ohio-4072 (remand for consecutive sentence findings); *State v. Almashni*, 8th Dist.

Cuyahoga No. 101475, 2015-Ohio-606 (remand for imposition of postrelease control). However, in each of these instances, statutory authority exists permitting either error-correction by the trial court or authorizing a reviewing court to remand the matter for the trial court to make the statutory findings. *See* R.C. 2953.08(G) (authorizing the appellate court to remand the case to the sentencing court to make the requisite findings or for resentencing); R.C. 2929.191 (sets forth the procedures for which the trial court can correct errors in its notification of postrelease control). No such statutory authority exists under R.C. 2945.39, and our search of instructive case law yields no results.

{¶ 23} According to Jackson, the statute requires dismissal of the indictment. In support, he cites to this court's decision in *State v. Wright*, 8th Dist. Cuyahoga No. 108343, 2020-Ohio-1271. In *Wright*, the trial court conducted a hearing pursuant to R.C. 2945.39(A)(2) in which the state presented testimonial and documentary evidence that the defendant committed the charged offenses. The trial court found that clear and convincing evidence existed that Wright committed the charged offenses, thus satisfying the statutory requirement of R.C. 2945.39(A)(2)(a). This court disagreed, and found that the evidence presented did not meet the clear and convincing threshold that Wright committed the crimes. Accordingly, this court concluded that it was appropriate to dismiss the indictment against Wright because both of the R.C. 2945.39(A)(2) findings were not satisfied. *Id.* at ¶ 21.

{¶ 24} In this case, the state presented no evidence at the hearing. Additionally, the trial court did not evaluate any evidence on its own and did not make any finding regarding R.C. 2945.39(A)(2)(a). Therefore, unlike the *Wright* decision, which was based on the merits of the trial court's decision, we are presented with a trial court's procedural or jurisdictional error. Accordingly, *Wright* is distinguishable. We agree with Jackson, however, that R.C. 2945.39 mandates dismissal.

{¶ 25} "R.C. 2945.39 is a civil statute," and therefore, "a person committed under the statute need not be afforded the constitutional rights afforded to a defendant in a criminal prosecution." *Williams* at ¶ 37. Nevertheless, "[a] civil commitment for any purpose is a significant deprivation of liberty and due-process protections must be afforded to a person facing involuntary commitment." *Id.* at ¶ 54, citing *Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). And although "the right to be free from physical restraint is not absolute," the confinement must occur "'pursuant to proper procedures and evidentiary standards.'" *Williams* at *id.*, quoting *Kansas v. Hendricks*, 521 U.S. 346, 356-357, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997).

{¶ 26} In this case, Jackson's commitment was not based on proper procedures and evidentiary standards. The trial court did not hold a proper hearing pursuant to R.C. 2945.39(A)(2) to retain jurisdiction over him. And even if this court construed the brief "competency hearing" held on November 2, 2018, as the type of hearing contemplated in R.C. 2945.39(A)(2), the state failed to present any

evidence for the court to consider, and the court failed to make any findings, let alone any findings by "clear and convincing evidence." It is undisputed that the trial court failed to make the R.C. 2945.39(A)(2)(a) finding that Jackson committed the offenses charged. Although the trial court verbally made an arguable R.C. 2945.39(A)(2)(b) finding on the record based on Dr. Hatters Friedman's report and stipulation by the parties that Jackson "is mentally ill subject to court[-]ordered civil commitment," it did not state it was doing so by clear and convincing evidence. But more importantly, this finding was not journalized.

{¶ 27} It is well settled that a court speaks only through its journal. *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 39, citing *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15. In its entire November 8, 2018 journal entry and subsequent nunc pro tunc entry, the court made no independent findings as is required under R.C. 2945.39(A)(2) — the court only noted Dr. Hatters Friedman's opinions regarding Jackson's mental status and treatment. As the Tenth District stated, "'[a] civil commitment for any purpose is a significant deprivation of liberty,'" and "[d]ue to the importance of the interest at stake, a trial court must articulate its [R.C. 2945.39] findings with clarity and specificity." *State v. Ellison*, 10th Dist. Franklin No. 17AP-328, 2018-Ohio-1835, ¶ 16, quoting *Williams* at ¶ 54. Here, the trial court's judgment entry of civil commitment contains no statutory findings as mandated under R.C. 2945.39(A)(2) for the trial court to retain jurisdiction over Jackson.

{¶ 28} The trial court's requirement to make the statutory findings under R.C. 2945.39 is procedural, but more importantly, jurisdictional. In order for a trial court to retain jurisdiction over Jackson, the court is statutorily required to make two findings after a hearing, both by clear and convincing evidence — (1) that the defendant committed the charged offenses, and (2) that the defendant is a mentally ill person subject to hospitalization by court order. When a trial court fails to make these findings, it is statutorily required to dismiss the indictment. *See* R.C. 2945.39(C). Accordingly, the General Assembly clearly stated that the procedures in R.C. 2945.39(A)(2) — a hearing, the relevant evidentiary standard, and mandatory findings — are prerequisites for a trial court to retain jurisdiction over a defendant. When the General Assembly expressly states that particular statutory requirements are jurisdictional, the trial court's error in failing to follow those requirements, renders the order void. *See Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 21-23, citing *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995) (the legislature determines a trial court's subject-matter jurisdiction).

{¶ 29} In *Wilson*, the Ohio Supreme Court considered whether the failure to follow proper bindover procedures rendered the judgment of conviction by the general division of the court of common pleas void. The case involved the state prosecuting a juvenile in adult court under the mistaken belief that he was an adult when he committed the offense. Not only was Wilson a juvenile when he committed the offense, he was never bound over from juvenile court. In finding that the adult

court lacked jurisdiction and that Wilson's conviction was therefore void, the Supreme Court held that "[a]bsent a proper bindover * * *, the juvenile court has exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." *Wilson* at paragraph one of the syllabus. In finding Wilson's conviction void, the Supreme Court focused on the express statutory language that specifically compelled its result — "any prosecution that is had in a criminal court on the mistaken belief that the child was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity." *See* former R.C. 2151.26(E), now R.C. 2152.12(H). Accordingly, the General Assembly's express language required the *Wilson* Court to declare the conviction void.

{¶ 30} The Ohio Supreme Court has consistently held that the focus should be on the statutory text and "whether the legislature has 'clearly state[d]' that a particular statutory requirement is jurisdictional." *Smith* at ¶ 24, citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-516, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Pryor v. Dir., Dept. of Job & Family Servs.*, 148 Ohio St.3d 1, 2016-Ohio-2907, 68 N.E.3d 729, ¶ 14, 16 (General Assembly provided timely filing of a notice of appeal is the only jurisdictional requirement for perfecting an appeal); *Nucorp, Inc. v. Montgomery Cty. Bd of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980) (declining to "find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated").

{¶ 31} In this case, the General Assembly clearly stated that the procedures in R.C. 2945.39(A)(2) are jurisdictional — i.e., a court may only retain jurisdiction

over a defendant if it conducts a hearing and makes both findings by clear and convincing evidence. According to the plain language of R.C. 2945.39(C) — "if the court does not make both findings described in divisions (A)(2)(a) and (b) of this section by clear and convincing evidence, the court shall dismiss the indictment, information, or complaint against the defendant." Accordingly, the General Assembly compels dismissal when a court fails to follow the statutory procedures; it has not authorized any other remedy or result. Because the trial court failed to make the statutory findings to retain jurisdiction over Jackson, it abused its discretion in denying Jackson's motion to dismiss. Jackson's assignment of error is sustained.

{¶ 32} Judgment reversed and case remanded for the trial court to enter a judgment dismissing the indictment against Jackson.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
MARY EILEEN KILBANE, J., CONCUR