[Cite as *State v. Whitley*, 2024-Ohio-2637.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                           :

    Plaintiff-Appellee,                          :

                                  No. 113350

    v.                                                   :

CHAKEBA WHITLEY,                                         :

    Defendant-Appellant.                        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-661276-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Liam Blake, Assistant Prosecuting Attorney, *for appellee.*

P. Andrew Baker, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Chakeba Whitley, appeals from the trial court's judgment entry denying her motion to dismiss and granting the State's motion to retain jurisdiction over this matter pursuant to R.C. 2945.39(A)(2). For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} On July 7, 2021, the State named Whitley in a five-count indictment, charging her with attempted aggravated arson, a second-degree felony, in violation of R.C. 2923.02/2909.02(A)(1) (Count 1); attempted aggravated arson, a third-degree felony, in violation of R.C. 2923.02/2909.02(A)(2) (Count 2); attempted arson, a felony of the fifth degree, in violation of R.C. 2923.02/2909.03(A)(1) (Count 3); disrupting public services, a fourth-degree felony, in violation of R.C. 2909.04(A)(1) (Count 4); and aggravated menacing, a first-degree misdemeanor, in violation of R.C. 2903.21(A). The charges stemmed from Whitley spraying lighter fluid throughout the lobby of a Cuyahoga Metropolitan Housing Authority ("CMHA") residential building, threatening to burn down the building, and threatening a CMHA employee.

{¶ 3} On June 10, 2022, the trial court found Whitley incompetent to stand trial, but restorable within the statutorily permitted timeframe with a course of treatment as an inpatient at Northcoast Behavioral Healthcare ("Northcoast"), the least-restrictive setting consistent with Whitley's needs and the community's safety. Both the State and Whitley's defense counsel stipulated to Dr. Michael Aronoff's evaluation and report.

{¶ 4} On February 7 2023, the trial court reviewed a six-month status report from Dr. Susan Hatters-Friedman. The State and defense counsel stipulated to Dr. Hatters-Friedman's findings and conclusions. The trial court adopted the doctor's opinion and recommendations and ordered that Whitley remain at Northcoast for competency restoration.

{¶ 5} On May 11, 2023, the State filed a motion for the trial court to retain jurisdiction over the case pursuant to R.C. 2945.38 and 2945.39.

{¶ 6} In August 2023, the trial court granted Whitley's request for an independent psychiatric evaluation for the purpose of determining competency to stand trial.

{¶ 7} On October 26, 2023, the trial court conducted a hearing to consider (1) Whitley's competence to stand trial; (2) Whitley's motion to dismiss (filed the same day) for failure to hold a timely hearing pursuant to R.C. 2945.39; and (3) the State's motion to retain jurisdiction. At the hearing, the parties stipulated to Dr. Hatters-Friedman's May 2, 2023 report in which the doctor opined that Whitley was not competent nor restorable and that the least restrictive treatment setting consistent with Whitley's treatment needs and the safety of the community would be hospitalization at Northcoast.

{¶ 8} Following an evidentiary hearing, the trial court denied Whitley's motion to dismiss, but granted the State's motion to retain jurisdiction, finding by clear and convincing evidence that Whitley (1) committed the offense of attempted aggravated arson; and (2) is a mentally ill person subject to hospitalization by court order. The court ordered that the case would remain under its jurisdiction for eight years, the maximum penalty for attempted aggravated arson, unless Whitley was subsequently found competent to stand trial, or no longer mentally ill subject to hospitalization.

{¶ 9} Whitley now appeals, contending in her sole assignment of error that the trial court erred in finding by clearing and convincing evidence that she committed attempted aggravated arson, which was necessary in order for it to retain jurisdiction pursuant to R.C. 2945.39. Specifically, she contends that the State failed to prove by clear and convincing evidence that she engaged in a "substantial step" to commit the offense of aggravated arson, which was necessary to prove guilt for attempted aggravated arson.

{¶ 10} Pursuant to R.C. 2945.39(A)(2), a trial court can retain jurisdiction over a person found incompetent and not restorable within the prescribed timeframe, and who is charged with a violent second-degree felony, if the trial court finds by clear and convincing evidence that the defendant (a) committed the offense charged, and (b) is a person with a mental illness subject to court order or a person with an intellectual disability subject to institutionalization by court order. *See also State v. Williams*, 2010-Ohio-2453, ¶ 1, 12-13; *State v. Jackson*, 2021-Ohio-1884, ¶ 13-15 (8th Dist.). Attempted aggravated arson, a second-degree felony, is an offense of violence pursuant to R.C. 2901.01(A)(9)(a) and (d).

{¶ 11} R.C. 2909.02(A)(2), aggravated arson, provides that "[n]o person, by means of a fire or explosion, shall knowingly . . . [c]ause physical harm to any occupied structure." R.C. 2923.02(A), the attempt statute, states that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

{¶ 12} The Ohio Supreme Court has further defined a criminal attempt as "when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus, *vacated on other grounds*, 438 U.S. 910 (1978). To constitute a "substantial step," the offender's conduct need not be the last proximate act prior to the commission of the offense, but it "must be strongly corroborative of the actor's criminal purpose." *Id.*

{¶ 13} Accordingly, the focus is on whether the defendant's conduct convincingly demonstrates "'a firm purpose to commit a crime, while allowing police intervention . . . in order to prevent the crime when the criminal intent becomes apparent.'" *State v. Group*, 2002-Ohio-7247, ¶ 102, quoting *Woods* at 132. "Precisely what conduct will be held to be a substantial step must be determined by evaluating the facts and circumstances of each particular case." *State v. Butler*, 2012-Ohio-5030, ¶ 28 (5th Dist.).

{¶ 14} Whitley contends that the evidence and testimony did not prove that her conduct of spreading lighter fluid in the lobby area of her residential building constituted a "substantial step" toward committing aggravated arson. In support, she relies on cases involving attempted rape in which courts held that a defendant removing a victim's clothing cannot serve as the sole basis to constitute a "substantial step" to sustain a conviction for attempted rape. *State v. Davis*, 1996-Ohio-414, 18-19; *see also State v. Jones*, 2004-Ohio-512 (8th Dist.) (insufficient

evidence presented for attempted rape where defendant grabbed victim, held a knife to her throat, ordered her to put down her phone and remove her clothes). We find these cases distinguishable because of the very nature of the offense itself. Moreover, unlike the standards in *Davis* and *Jones*, our review is whether the State presented "clear and convincing evidence" to the trial court to support its determination that Whitley committed attempted aggravated arson.

{¶ 15} The standard of "clear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. When the evidentiary burden is clear and convincing evidence, a reviewing court must "examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, (1990), citing *Ford v. Osborne*, 45 Ohio St. 1, 3, (1887). "[I]t is also firmly established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court." *Schiebel* at 74.

{¶ 16} The State directs this court to *State v. Marcum*, 2001-Ohio-1554 (5th Dist.), in which the Fifth District upheld a conviction for attempted aggravated arson when the evidence demonstrated that the defendant took substantial steps

to commit aggravated arson, including spreading kerosene across the victim's back door, wood deck, and over the gas grill that was attached to the home via an active natural gas pipe. Although the defendant did not make any threats or attempt to ignite the kerosene, the court found the defendant's conduct to be a substantial step toward the commission of arson and corroborative of his intent to create a substantial risk of serious physical injury to the victim by fire or explosion. *Id.* at 9. *Marcum* is instructive.

{¶ 17} We also find persuasive the analysis in *State v. Baker*, 1990 Ohio App. LEXIS 344 (3d Dist. Jan. 26, 1990), in which the appeals court upheld the defendant's attempted aggravated arson conviction because the evidence demonstrated that the defendant took substantial steps to commit aggravated arson, including pouring kerosene on the house trailer and threatening to burn it down. The victim also testified that she heard the flicking noise of a cigarette lighter outside her house. The court rejected the defendant's argument that because he did not attempt to or ignite the kerosene, the evidence was insufficient to support his attempted aggravated arson conviction. The *Baker* Court stated, "[T]he threats and actions of the defendant . . . constituted substantial evidence upon which a jury could reasonably conclude that all the elements of the offense of attempted aggravated arson had been proven beyond a reasonable doubt." *Id.* at *3-4.

{¶ 18} Applying the rationales of *Marcum* and *Baker*, we find that the State presented competent and credible evidence that on July 7, 2021, Whitley

committed attempted aggravated arson. Detective Brian Kenney, a certified fire investigator with the city of Cleveland's Fire Investigation Unit ("FIU"), testified that he has conducted over 600 fire investigations that involved determining the origin and cause of the fire. Defense counsel stipulated that he was qualified to testify as an expert. Det. Kenney stated that he responded to an emergency call at a CMHA residential building, Lakeside Terrace, which is comprised of 213 individual housing units. He testified that as part of his investigation, he learned that Whitley admitted that she purchased three cans of lighter fluid that she sprayed around the front of the building and in the lobby. And when a CMHA employee attempted to deescalate the situation, Whitley threatened to spray the employee with lighter fluid. During her arrest, officers found two disposable lighters in Whitley's purse.

{¶ 19} Det. Kenney testified that Whitley told him that she wanted to burn down the building because people in the building, the fire department, and the police department were "f***ing with her," and that she was angry because she had made multiple trips to the BMV to get an identification card and they turned her away. (Tr. 24.)

{¶ 20} Det. Kenney testified FIU investigators conducted a photoionization detection test that determined the ambient air in the lobby of the CMHA building had over sixty parts per million of suspected ignitable fluid vapors, which created an extreme undue risk of harm to the building and the occupants present. He testified:

There's many factors that can cause an explosion or ignition; I mean, static electricity, open flame, etc. But the presence of that — those vapors in the air represent one of the factors that can contribute to ignition. That's why you don't store gasoline in your house. It creates an undue risk of harm.

(Tr. 26-27.) According to Det. Kenney, the presence of 60 PPM creates a potential for ignition of the fumes. He explained:

People misunderstand mostly that, you know, if you have — if I had a can of gasoline here and everybody sees on TV somebody flicks a cigarette and it lands and, you know, a big explosion occurs and the hero walks away. That's not what happens. What happens is the vapors ignite. . . . . It's the fumes that represent the danger and in this case the whole lobby was filled with fumes.

(Tr. 27.)

**{¶ 21}** Det. Kenney further testified that Whitley removed or dislodged the fire pull station, i.e., the fire alarm, from the wall. (Tr. 32.) Over objection, Det. Kenney opined that Whitley's conduct "was an attempt to burn." (Tr. 36.) He admitted, however, that no ignition or fire actually occurred, and, thus Whitley did not take "the next step" to actually cause a fire. (Tr. 38 and 43.)

**{¶ 22}** The State admitted into evidence the FIU Investigative Report compiled by Det. Kenney and his team, photographs taken by FIU investigators showing the lighter fluid-soaked lobby, charcoal lighter fluid bottles, the lighters found in Whitley's purse, the damaged fire alarm, and the results of the photoionization detection test conducted by FIU investigators.

**{¶ 23}** Whitley's conduct of spraying a flammable accelerant in or around her residence building where she knew individuals lived, threatening to burn down the building, possessing two disposable lighters, and dislodging the fire alarm from

the wall constitutes clear and convincing evidence that Whitley took substantial steps to commit the act of aggravated arson.

{¶ 24} Accordingly, we find that the trial court did not err in finding that Whitley committed attempted aggravated arson, which satisfied R.C. 2945.39 to retain jurisdiction over her case.  The assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, J., CONCUR